THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO LÓPEZ-NEGRÓN<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | Civil No. 18-1034 (ADC)<br>[Related to Crim. No. 12-251-4 (ADC)] |

**OPINION AND ORDER**

Petitioner Francisco López-Negrón ("petitioner") filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. **ECF No. 1.** Thereafter, petitioner retained counsel and filed a memorandum of law in support of his § 2255 motion. **ECF No. 3.** The government responded in opposition. **ECF No. 7**. Petitioner replied. **ECF No. 10**. For the reasons explained below, petitioner's motion is **DENIED.**

**I.     Factual and Procedural Background**

*A. Crim. No. 12-251: The International Conspiracy*

On March 29, 2012, petitioner and 21 co-defendants were indicted for their involvement in a drug trafficking conspiracy ("the International Conspiracy") that aimed to purchase, import and distribute cocaine. **Crim. No. 12-251, ("Crim.") ECF No. 3.** Petitioner was identified as one of the heads of the charged drug trafficking organization. *Id.* The charging document averred he directly controlled and supervised the trafficking venture – he purchased large quantities of cocaine from the Netherlands Antilles and then arranged, oversaw and directed their transport

to and distribution in Puerto Rico and the continental United States. *Id.* The International Conspiracy began in 2003 and continued until 2012, when it was disarticulated by law enforcement. *Id.*

For his involvement in the International Conspiracy, petitioner was charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) (Count Two); and possession of contraband – to wit, a cellular phone – in prison in violation of 18 U.S.C. §1791(a)(2) (Count Eight). *Id.*

B. *Crim. No. 10-251: The Bayamón Conspiracy*

In 2005 – after having joined the International Conspiracy – petitioner became involved with others in a different conspiracy ("the Bayamón Conspiracy") that distributed heroin, cocaine, crack cocaine, marijuana, oxycodone and alprazolam at various public housing projects in Bayamón.[1] **Crim. No. 10-251**, **ECF No. 3**. Petitioner did not hold a leadership position in the Bayamón Conspiracy. He was instead attributed the role of a supplier. *Id.*

In 2010, petitioner and 108 other members of the Bayamón Conspiracy were indicted together in **Crim. No. 10-251**. *Id.* He was charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860 (Count One); and with carrying and using firearms in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Petitioner was arrested on March 20, 2011.

---

[1] Bayamón is a municipality of Puerto Rico.

On July 29, 2011, petitioner pleaded guilty to both counts. **Crim. No. 10-251, ECF No. 2112**. On December 15, 2011 – three months before he was indicted for his involvement in the International Conspiracy – petitioner was sentenced to 70 months of imprisonment for one count and 60 months for the other, to be served consecutively, for a total of 130 months of imprisonment. **Crim. No. 10-251, ECF No. 2444**.

C. *In Custody*

While under custody, and while pending sentencing for his involvement in the Bayamón Conspiracy, petitioner availed himself of a contraband cellphone and carried on his participation in the International Conspiracy. Title III recordings show petitioner actively coordinated for cocaine to be transported to New York – an overt act in the International Conspiracy, of which he was a leader. **ECF No. 7** at 7-9; **Crim. No. 12-251, ECF No. 1130** at 8-9.

Petitioner was sentenced in **Crim. No. 10-251** over three months before being indicted in **Crim. No. 12-251.** In that timespan, the International Conspiracy continued to exist. The record does not indicate, and petitioner does not argue, that he withdrew from the International Conspiracy before he was sentenced for his involvement in the Bayamón Conspiracy.

D. *International Conspiracy Sentencing and Appeal*

On December 5, 2013, petitioner pleaded guilty to Count One of the indictment in **Crim. No. 12-251** before Magistrate Judge Bruce McGiverin.[2] **Crim. ECF No. 599**. Petitioner assured

---

[2] Counsel Jennie M. Espada-Ocasio ("counsel" or "defense counsel") represented petitioner during the criminal proceedings.

that he understood the terms, consequences, and conditions of his plea at a change of plea hearing and signed a plea agreement to the same effect. **Crim. ECF Nos. 909, 1157**. He recognized that his plea was knowing and voluntary and stated his satisfaction with defense counsel's performance. **Crim. ECF Nos. 909** at 4, 6-8, **1157** at 5, 7, 10**.** Consequently, the Magistrate Judge found that petitioner's plea was knowing, intelligent, and voluntary. **Crim. ECF No. 1157** at 19. This Court accepted the Report and Recommendation the Magistrate Judge tendered. **Crim. ECF Nos. 877, 911.**[3]

At sentencing, petitioner confirmed the accuracy of the Pre-Sentence Report ("PSR"). **Crim. ECF No. 1130** at 2. Per the PSR's sentencing recommendations and the plea agreement, petitioner was sentenced to one hundred and eight (108) months of imprisonment. **Crim. ECF Nos. 909** at 4, **1049** at 9. Moreover, and as agreed by the parties in the plea agreement, the Court determined petitioner's sentence would be served consecutively to a 130-month sentence imposed in **Crim. No. 10-251**.

Petitioner appealed his sentence, arguing that the Court erred in imposing a consecutive term of imprisonment and determining a Category III criminal history. **ECF No. 1070;** *United States v. López-Negrón*, Appeal No. 15-1294. The Court of Appeals dismissed petitioner's suit because he failed to adequately contest his plea waiver and no clear and gross injustice justified bypassing the appeal waiver. **ECF No. 1246**. The Court of Appeals further held that to the extent

---

[3] Petitioner admitted the government's statement of facts and evidence underlying the charge. **Crim. No. 12-251-4, ECF Nos. 909, 1157; Crim. No. 10-251-15, ECF No. 2112**.

that petitioner "preserved an argument that the waiver was not knowing and voluntary, it [failed] because he was properly apprised at the change of plea hearing." *Id.*

Now, petitioner moves this Court for relief pursuant to 28 U.S.C. § 2255.

## II.     The Arguments

Petitioner asserts his Sixth Amendment right to effective counsel was violated because counsel failed to investigate his criminal record and seek the imposition of a concurrent sentence, rather than consecutive, to the 130-month sentence imposed in **Crim. No. 10-251. ECF No. 3**. He argues that a proper investigation would have discovered the overt acts in **Crim. Nos. 10-251** and **12-251** were interrelated, and that counsel should have accordingly (1) bargained for a concurrent sentence recommendation while negotiating the plea agreement or (2) subsequently argued to the Court at the sentencing hearing that he was entitled to a concurrent sentence pursuant to U.S.S.G. § 5G1.3(b)(2). *Id.*

The government, in turn, argues that the International and Bayamón Conspiracies are not a single overarching conspiracy, but instead separate from each other. **ECF No. 7**. Accordingly, an investigation in petitioner's criminal history would not have yielded a different result. *Id.* The government also maintains that the Court sentenced petitioner in accordance to the terms and stipulations within the plea agreement. *Id.* Arguing for a concurrent sentence at the sentencing hearing would have meant breaching that agreement. *Id.* Finally, the government contends that because petitioner engaged in acts to further the International Conspiracy while imprisoned for

his participation in the Bayamón Conspiracy, U.S.S.G. § 5G1.3(a) precludes the imposition of concurrent sentences. *Id.*

### III. Legal Standard

According to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … ." 28 U.S.C. § 2255(a); *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015); *Barreto-Barreto v. United States*, 551 F.3d 95, 98 (1st Cir. 2008); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *Hill v. United States*, 368 U.S. 424 (1962). The petitioner bears the burden of showing they are entitled to relief. *See Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

1. *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that "the right to counsel means the right to effective legal assistance." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Counsel can deprive a defendant of the right to effective assistance by failing to render "adequate legal assistance." *Strickland*, 466 U.S. at 686 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)). Where, as here, a petitioner moves to vacate their sentence on ineffective assistance

of counsel grounds, they must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.*

"In order to succeed on an ineffective assistance claim, a '[petitioner] must show both that counsel's performance was deficient and that it prejudiced [their] defense.'" *Rojas-Medina v. United States*, 924 F.3d 9, 15 (1st Cir. 2019) (citing *Janosky v. St. Amand*, 594 F.3d 39, 45 (1st Cir. 2010)). "To show that [their] counsel's performance was constitutionally deficient, [petitioner] must demonstrate that counsel's performance was objectively unreasonable under prevailing professional norms." *Walker v. Medeiros*, 911 F.3d 629, 633 (1st Cir. 2018) (quotation marks omitted) (citing *United States v. Mercedes-De La Cruz*, 787 F.3d 61, 67 (1st Cir. 2015)). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689.

A petitioner must also show that they were prejudiced by counsel's "constitutionally deficient" representation. As to the prejudice prong, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different …." *Rivera v. Thompson*, 879 F.3d 7, 12 (1st Cir. 2018) (citing *Strickland*, 466 U.S. at 688). In undertaking the prejudice analysis, courts do not rely solely on "*post hoc*

assertions from a defendant about how [they] would have pleaded but for [their] attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

As discussed, a petitioner must demonstrate both incompetence and prejudice. "This two-pronged inquiry has equal relevance with respect to ineffective assistance claims in both tried cases and cases resolved by guilty pleas." *United States v. Miller*, 911 F.3d 638, 641 (1st Cir. 2018) (citing *Hill*, 474 U.S. at 58). "A [petitioner's] failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong." *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 697).

**IV.   Analysis**

As stated above, petitioner asserts that defense counsel was ineffective for failing to (1) bargain for a concurrent sentence recommendation while negotiating the plea agreement and (2) subsequently argue to the Court at the sentencing hearing that he was entitled to a concurrent sentence. The Court will address each contention in turn.

*1. Failure to Bargain for a Concurrent Sentence Recommendation at the Plea Negotiation Stage*

Petitioner argues that defense counsel was ineffective because she should have bargained for a specific provision within the plea agreement – namely, that the sentence imposed in **Crim. No. 12-251** be concurrent to that imposed in **Crim. No. 10-251**. Alternatively, petitioner maintains that counsel's recommendation that he accept the plea agreement offered constitutes ineffective assistance. Both positions fail.

A defendant is not entitled to any specific provision in a plea agreement. In fact, a defendant has no right to be offered a plea, and no federal right that the Court accept it. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012). Asserting that counsel should have argued for a specific plea agreement provision thus cannot carry the day in an ineffective assistance of counsel claim.

Instead, petitioner must show that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). However, petitioner's motion is devoid of any such showing. **ECF No. 3** at 15-17. Instead, he relies on bald speculation that the government would have agreed to a plea that recommended a concurrent sentence, and that this Court would have imposed such a sentence. Perfunctory arguments are deemed waived. *See Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 140 (1st Cir. 2013).

Petitioner also advances an argument claiming that a concurrent sentence was warranted under U.S.S.G. 5G1.3(b), which is misguided, and will be discussed in detail below.

For these reasons, petitioner's claim that defense counsel was ineffective for failing to bargain for a concurrent sentence recommendation while negotiating the plea agreement, or, alternatively, recommending petitioner accept plea agreement offered, is **DENIED**.

2. *Failure to Argue for a Concurrent Sentence at the Sentencing Hearing*

Petitioner next argues that counsel was ineffective because she failed to argue to the Court at the sentencing hearing that petitioner was entitled to a concurrent sentence pursuant to

U.S.S.G. § 5G1.3(b)(2). However, this claim also fails because there is no basis for petitioner's theory, and counsel is not obliged to raise meritless arguments.[4]

    *a. Criminal Activity while Serving a Term of Imprisonment*

Pursuant to U.S.S.G. 5G1.3, when a criminal offense is "committed while the defendant was serving a term of imprisonment … the sentence for [that] offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. 5G1.3(a). The International Conspiracy continued to exist after petitioner was sentenced in **Crim. No. 10-251**.[5] Indeed, petitioner was sentenced for his role in the Bayamón Conspiracy in December of 2011, well before the International Conspiracy was disarticulated in March of 2012. As such, because petitioner continued participating in the International Conspiracy even after being sentenced in **Crim. No. 10-251**, U.S.S.G. 5G1.3(a) precludes the imposition of a concurrent sentence.

    *b. Relevant Conduct*

When U.S.S.G. 5G1.3(a) does not apply, "and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction … the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." U.S.S.G. 5G1.3(b)(2). With regards to petitioner's convictions, relevant

---

[4] Additionally, the statute of conviction underlying petitioner's firearm offense in **Crim. No. 10-251** requires a sentence for that charge be consecutive to any others. *See* 18 U.S.C. § 924(c)(1)(D)(ii); *United States v. Rentas-Muniz*, 887 F.3d 1, 4 (1st Cir. 2018).

[5] While under custody, and while pending sentencing for his involvement in the Bayamón Conspiracy, petitioner availed himself of a contraband cellphone and carried on his participation in the International Conspiracy. **ECF No. 7** at 7-9; **Crim. No. 12-251, ECF No. 1130** at 8-9.

conduct includes "all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," and "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. 1B1.3(a)(1)(A), (a)(2).

Petitioner must satisfy "each and every element of the [5G1.3(b)] guideline." *United States v. Rentas-Muniz*, 887 F.3d 1, 4 (1st Cir. 2018) (quoting *United States v. Vélez-Soto*, 804 F.3d 75, 78 (1st Cir. 2015)). He must show that the undischarged sentences imposed in **Crim. No. 10-251 (**for petitioner's participation in the Bayamón Conspiracy) resulted from offenses that constitute relevant conduct with respect to the International Conspiracy conviction. *See Rentas-Muniz*, 887 F.3d at 4; *United States v. Figueroa-Figueroa*, 791 F.3d 187, 192 (1st Cir. 2015).

The conspiracies charged in **Crim. Nos. 12-251** and **10-251** are distinct from each other – they involve two separate drug trafficking organizations with discrete objectives and schemes. While the International Conspiracy focused on the importation and wholesale distribution of large amounts of cocaine in Puerto Rico and the continental United States, the Bayamón Conspiracy aimed to distribute a variety of narcotics, marijuana and pills at various public housing projects in Bayamón.

Moreover, petitioner held a different role in each of these conspiracies – indeed, he operated as one of the heads of the organization in the former and as a supplier in the latter. Notably, the acts and omissions charged in **Crim. No. 10-251** cannot be said to have "occurred

during the commission of [the criminal activity petitioner pleaded guilty to in **Crim. No. 12-251**], in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. 1B1.3(a)(1)(A).

Furthermore, because the two conspiracies held such distinct objectives and means, this Court cannot find they were "part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* at (a)(2).[6] Thus, pursuant to U.S.S.G. 5G1.3(b)(2), the conduct charged in **Crim. No. 10-251** is not relevant conduct to the criminal offense petitioner pleaded guilty to in **Crim. No. 12-251.** Each entailed distinctive and distinguishable criminal activity.

  *c. The Offense Level Increase Requirement*

At the time of petitioner's sentencing, "the commentary to § 5G1.3, stated that subsection (b) applied only where all of the prior offense both was relevant conduct and increased the total Guidelines offense level." *Figueroa-Figueroa*, 791 F.3d at 192 (cleaned up). Petitioner's convictions for his involvement in the Bayamón Conspiracy did not factor into the computation of petitioner's offense level in **Crim. ECF No. 1049.** Because the convictions in **Crim. No. 10-251** did not contribute to an increase in petitioner's **Crim. No. 12-251** Guidelines offense level, § 5G1.3(b) cannot be applied. *See Figueroa-Figueroa*, 791 F.3d at 192; *United States v. Dunbar*, 660 F.3d 54, 57 (1st Cir.2011) (per curiam).

---

[6] Petitioner asserts that he supplied the same cocaine he imported as part of the International Conspiracy to the Bayamón Conspiracy, and posits that is enough to determine "the same course of conduct" or "a common scheme." **ECF 10.** The Court disagrees – but, assuming *arguendo* that petitioner is correct, his motion fails on other grounds.

### d. *Counsel's Ineffectiveness*

Based on the foregoing reasons, petitioner's arguments that counsel should have argued at the sentencing hearing that he was entitled to concurrent sentences are without merit.[7] Counsel cannot be deemed ineffective for failing to present meritless arguments to the Court. *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 49 (1st Cir. 2006). As such, petitioner has failed to demonstrate that counsel's representation was constitutionally deficient. In the end, petitioner received precisely the sentence that he bargained for.[8] **Crim. ECF No. 1130** at 8**.** Petitioners motion is accordingly **DENIED**.

## V. Request for an Evidentiary Hearing

A prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right. *Aponte-Aponte v. United States*, 374 F. Supp. 3d 171, 186 (D.P.R. 2019). An evidentiary hearing, however, "is not necessary when a [§] 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and the record of the case." *Id.* at 186. (citing *United States v. DiCarlo*, 575 F. 2d 952, 954 (1st Cir. 1978)). Here, petitioner's motion is inadequate on its face because – as explained above – his counsel's performance was not constitutionally ineffective because petitioner was entitled to neither a

---

[7] It is also of note that, at sentencing, the Court gave much weight to the fact that petitioner had engaged in criminal activity while imprisoned. **Crim. EFC No. 1130** at 8-9, 11-12**.** That alone would justify the imposition of consecutive sentences, given that the sentencing guidelines are merely advisory. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *United States v. Lovely*, 317 F. App'x 18, 18 (1st Cir. 2009).

[8] Petitioner agreed to a consecutive sentence in his plea agreement.

specific provision in his plea agreement nor a consecutive sentence under U.S.S.G. 5G1.3(b). As such, petitioner's request for an evidentiary hearing is **DENIED**.

## VI. Certificate of Appealability

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C.A. foll. § 2255. To merit a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner made no such showing here. Thus, the Court will not issue him a certificate. Petitioner's request for a certificate of appealability is accordingly **DENIED**.

## VII. Conclusion

For the reasons stated above, petitioner Francisco López-Negrón's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and his claims for relief **DISMISSED WITH PREJUDICE**. Judgement shall be entered forthwith.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, on this 31st day of March, 2021.

**S/AIDA M. DELGADO-COLÓN**
**UNITED STATES DISTRICT JUDGE**